[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13798
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80092-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEPHAINE JEFF CHARLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Lephaine Jeff Charles appeals his 63-month sentence, imposed after pleading guilty to one count of possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, he argues that the government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range, as determined by the district court, and that this breach amounted to plain error.  The district court determined that the guideline range was 51 to 63 months; however, the government recommended a sentence of 87 months' imprisonment, which the district court understood to be a request for an upward variance.  Charles was ultimately sentenced to 63 months' imprisonment.  He argues that his sentence probably would have been different because the district court expressed respect for the prosecutor, and the prosecutor's arguments at sentencing provided "fuel" for his ultimate sentence at the high end of the guideline range.  Upon review of the record and in consideration of the parties' briefs, we affirm.

The government's breach of a plea agreement is a question of law that we review de novo. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  However, if the defendant fails to raise the issue before the district court, we review for plain error. *Id.*  Here, Charles failed to object to the government's breach of the plea agreement.  "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that

2

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* The government concedes that it breached the plea agreement and that the breach amounted to an error that was plain, but argues that Charles failed to sustain his burden of showing that the error affected his substantial rights. *See id.* We agree.

To satisfy the third prong of plain error review, "the error must have affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotation marks omitted). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). The defendant carries the burden to establish such prejudice. *Id.* "[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error," and thus, has failed to establish that the error affected his substantial rights. *Id.* at 1301.

Charles failed to carry his burden that, but for the government's breach of the plea agreement, his sentence probably would have been different. *See id.* at 1299–1301. Although the district court deferred to the prosecutor's judgment regarding Charles's trustworthiness about his role in the offense, there is no

3

indication in the record that the district court was deferential to the prosecutor's sentencing recommendations. Indeed, the district court rejected the government's arguments against giving Charles a minor role adjustment when calculating the guideline range. Further, the district court specifically stated that it did not believe that a sentence at the low end of the guideline range would promote respect for the law or deter future offenses. Because we would have to speculate as to how a government recommendation for a sentence at the low end of the guideline range would have affected the ultimate sentence, Charles failed to carry his burden of showing that the government's breach affected his substantial rights. *See id.* Accordingly, we affirm.

**AFFIRMED.**